ROANE, Judge.
There is nothing in the complaint stated in the attachment in this caso, shewing that Darnielle is removing out of, or even through the county of Frederick, that he absconds in that county, nor is there even an allegation that he was ever in that county. The most that is said is, that he hath removed from Henrico, or so absconds, that process cannot he served, &c. This removal from Henrico, does not necessarily imply a removal into, or through Frederick; and the absconding upon record, may relate to the county of Henrico, or, if repelled as if relative to that county by the description, l, Darnielle, late of the county of Henrico, yet, in that case, it only relates to some county other than Henrico, and docs not necessarily relate to Frederick. Admitting then for the present, which however is not necessarily to bo now decided, that an attachment could legally issue from Frederick, against the defendant moving through that county, or there absconding, having left his late residence in another county, yet, in that view, this attachment is insufficient, as the complainant does not state either of those cases. Upon the case before us, a Justice of any county, where effects may be found, can as well grant an attachment, as a Justice of Frederick. Although sufficient facts may exist, in the view of the law now supposed to sustain the attachment, yet they do not appear; and the maxim de non apptireniibus, et de non cxistentibus, eadem est lex, holds a fortiori in a caso of summary proceedings.
I think, therefore, that the judgment ef the District Court is correct
*360 FLEMING, Judge.
The act of Assembly, being an innovation upon the common law, is to be construed strictly; of course, unless the plaintiff can bring himself within the words, or the obvious intention of the Legislature, he has no claim to redress, by this mode of proceeding. The warrant of attachment does not state the defendant to be removing from, or absconding in the county of Frederick; but describing him as late of the City of Richmond, says, that he has privately removed from the latter place, or so absconds, that the ordinary process of law, cannot be served upon him, without alledging where he absconds; so that it does not appear, that he ever was within the jurisdiction of the County Court of Frederick. But the law does not authorise a Magistrate of one county, to issue an attachment against a debtor absconding from another; for, it evidently contemplates his removal, or absconding from the place of his residence. It is said, however, to be the practice to issue attachments in this manner. In answer to which I observe, in the first place, that I am not satisfied that the practice is so: But, if I were, still that could not justify an abuse of the law; which plainly limits it to the place of residence. I am, therefore, for affirming the judgment of the District Court.
CARRINGTON, Judge,
The. attachment is a violent remedy, given against men in distress, and who have generally no friend to bail them, or means of defending themselves. Hence, no process is more subject to abuse; and therefore, humanity as well as policy, dictates, that the law should be strictly pursued in obtaining it; and, that the plaintiff should not be allowed, by means of it, to oppress an unfortunate, or unprotected adversary. In the present case, the attachment is not supported by the statute: It states, that Darnielle had privately removed himself from the City of Richmond, without shewing that he had ever been a resident of Frederick; or that he was there absconding, and concealing himself, or had even passed through that county: Of course, if he was subject to the attachment at all, it ought to have issued from Richmond or Henrico, and not from Frederick; because there is nothing stated in the proceedings, to give jurisdiction to the Court of the latter county. I think, therefore, that the judgment of the District Court ought to be affirmed.
LYONS, Judge.
Concurred that the judgment of the District Court should be affirmed.